IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

KIMBERLY Y. LLOYD                                                    PLAINTIFF

vs.                              Civil No. 6:08-cv-06071

MICHAEL J. ASTRUE                                                    DEFENDANT
Commissioner, Social Security Administration


**MEMORANDUM OPINION**

        Kimberly Y. Lloyd ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the

Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final

decision of the Commissioner of the Social Security Administration ("SSA") denying her

applications for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the

Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all

proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and

conducting all post-judgment proceedings.  (Doc. No. 5).[1]  Pursuant to this authority, the Court

issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

        Plaintiff protectively filed her application for DIB on November 14, 2005.  (Tr. 45-47).

Plaintiff alleged she was disabled due to arthritis, depression, scoliosis, memory problems, a learning

disability, neck surgery, body pain, and irritable bowel syndrome.  (Tr. 60, 79, 95).  Plaintiff alleged

an onset date of July 15, 2005.  (Tr. 96).  This application was initially denied on January 20, 2006

---

        [1] The docket numbers for this case are referenced by the designation "Doc. No."  The transcript pages for
this case are referenced by the designation "Tr."

and was denied again on reconsideration on October 6, 2006. (Tr. 36-40).

On October 26, 2006, Plaintiff requested an administrative hearing on her application. (Tr. 31). This hearing was held on October 25, 2007 in Hot Springs, Arkansas. (Tr. 232-251). Plaintiff was present and was represented by counsel, Charles Padgham, at this hearing. *See id.* Plaintiff and Vocational Expert ("VE") Katrina Virden testified at this hearing. *See id.* On the date of this hearing, Plaintiff was forty-three (43) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2009), and had a eighth grade education. (Tr. 235).

On April 25, 2008, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB. (Tr. 12-23). In this decision, the ALJ determined Plaintiff had met the insured status requirements of the Act through December 31, 2010. (Tr. 22, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since July 15, 2005. (Tr. 22, Finding 2). The ALJ determined Plaintiff had the following severe impairments: scoliosis, irritable bowel syndrome, headaches, and adjustment disorder. (Tr. 22, Finding 3). The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 22, Finding 3).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 15-21). First, the ALJ evaluated Plaintiff's subjective complaints pursuant to the requirements of *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) and found her claimed limitations were not totally credible. (Tr. 16-17). Second, the ALJ determined, based upon this review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, that Plaintiff retained the RFC to perform work at light exertional level with moderate limitations in understanding,

2

remembering and carrying out simple instructions; moderate limitations in interacting appropriately with the public, supervisors and co-workers; and moderate limitations in responding appropriately to usual work situations and to changes in a routine work setting. (Tr. 22).

The ALJ then determined Plaintiff would be unable to perform her Past Relevant Work ("PRW") but would be able to perform other work existing in significant numbers in the national economy. (Tr. 22-23, Findings 6, 11). Plaintiff and the VE testified at the administrative hearing regarding this issue. (Tr. 245-246, 247-250). Based upon this testimony, the ALJ determined Plaintiff's PRW included work as a restaurant assistant manager. (Tr. 22). The ALJ determined, considering her RFC, that Plaintiff would be unable to perform this PRW. (Tr. 22, Finding 6).

However, the ALJ also determined Plaintiff would be able to perform other work existing in significant numbers in the national economy. (Tr. 23, Finding 11). Specifically, the VE testified Plaintiff would be able to perform work as a cashier with approximately 31,000 such jobs in Arkansas and 1,600,000 such jobs in the nation, video store clerk with approximately 31,000 such jobs in Arkansas and 1,600,000 such jobs in the nation, and cafeteria attendant with approximately 1,300 such jobs in Arkansas and 104,000 such jobs in the nation. (Tr. 248-250). Thereafter, the ALJ determined Plaintiff had not been under a "disability," as defined by the Act, through the date of the ALJ's decision or through April 25, 2008. (Tr. 23, Finding 12).

On May 5, 2008, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 6-8). *See* 20 C.F.R. § 404.968. On June 19, 2008, the Appeals Council declined to review the ALJ's unfavorable decision. (Tr. 4-6). On July 16, 2008, Plaintiff filed the present appeal. (Doc. No. 1). The parties consented to the jurisdiction of this Court on August 19, 2008. (Doc. No. 5). Both parties have filed appeal briefs. (Doc. Nos. 7,10). This case is now ready for

decision.

2. **Applicable Law:**

      In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

      It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive

4

months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

Plaintiff brings the present appeal claiming the following: (A) the ALJ erred by failing to properly evaluate Plaintiff's subjective complaints of pain, and (B) the ALJ erred in his RFC determination of Plaintiff.  (Doc. No. 7, Pg. 3-8).  In response, Defendant argues the ALJ properly evaluated Plaintiff's subject complaints of pain and the ALJ properly determined Plaintiff's RFC. (Doc. No. 10, Pg. 3-8).  The Court will address each of Plaintiff's arguments.

**A. Subjective Complaints**

Plaintiff claims the ALJ erred in evaluating her subjective complaints.  In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski*

*v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2]
*See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  The factors to consider are as follows: (1) the
claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating
and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the
functional restrictions.  *See Polaski,* 739 at 1322.  The factors must be analyzed and considered in
light of the claimant's subjective complaints of pain.  *See id.*  The ALJ is not required to
methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior
to discounting the claimant's subjective complaints.  *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th
Cir. 2000).  As long as the ALJ properly applies these five factors and gives several valid reasons
for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility
determination is entitled to deference.  *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006).
The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective
medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at
1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility
determination, articulating the reasons for discrediting the testimony, addressing any
inconsistencies, and discussing the *Polaski* factors.  *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th
Cir. 1998).  The inability to work without some pain or discomfort is not a sufficient reason to find
a Plaintiff disabled within the strict definition of the Act.  The issue is not the existence of pain, but

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two
additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other
symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your
back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)."  However, under *Polaski* and its progeny,
the Eighth Circuit has not yet required the analysis of these additional factors.  *See Shultz v. Astrue,* 479 F.3d 979,
983 (2007).  Thus, this Court will not require the analysis of these additional factors in this case.

whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

Plaintiff argues the ALJ erred in failing to properly apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984). The Defendant argues the ALJ properly evaluated Plaintiff's subjective complaints of pain in compliance with *Polaski* Defendant further states the ALJ considered the objective and subjective evidence and found, based on the record, Plaintiff's subjective statements were not credible.

In the present action, this Court finds the ALJ properly addressed and discounted Plaintiff's subjective complaints. In his opinion, the ALJ outlined the *Polaski* factors, addressed those factors, and stated inconsistencies between Plaintiff's testimony and the record. (Tr. 16-17). Specifically, the ALJ noted the following: (1) Plaintiff had a poor work history from 1979 through 2000, (2) none of Plaintiff's treating physicians have indicated restrictions in Plaintiff's ability to move, stand, walk or sit, (3) Plaintiff had a lack of frequent and substantive medical treatment, (4) Plaintiff's use of prescribed medication would not produce side effects which would preclude work activity, and (5) Plaintiff's described restrictions of daily living are inconsistent with the limited medical findings in the record.

These findings are valid reasons supporting the ALJ's credibility determination, and this Court finds the ALJ's credibility determination is supported by substantial evidence and should be affirmed. *See Lowe,* 226 F.3d at 971-72. Accordingly, the ALJ did not err in discounting Plaintiff's subjective complaints of pain.

**B. RFC**

Plaintiff claims substantial evidence does not support the ALJ's RFC determination that she

7

can perform light work.  Plaintiff's argument regarding her RFC to perform light duty work is based on the failure of the ALJ to properly assess her subjective complaints.  (Doc. No. 7, Pg. 7).  Although Plaintiff made this a separate argument, it is based on the ALJ's credibility analysis which was discussed above and this Court has found the ALJ properly addressed and discounted Plaintiff's subjective complaints.

However, this Court also finds the ALJ's RFC determination is supported by substantial evidence and in making that determination, the ALJ provided a sufficient basis for his RFC determination.  Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC.  *See* 20 C.F.R. § 404.1520(a)(4)(iv).  This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace.  *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004).  The ALJ should consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)).  The Plaintiff has the burden of producing documents and evidence to support his or her claimed RFC.  *See Cox,* 160 F.3d at 1206; 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports the RFC determination.  *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001).  Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole.  *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

8

In this matter, the ALJ determined the Plaintiff had the RFC to perform work at light exertional level with moderate limitations in understanding, remembering and carrying out simple instructions; moderate limitations in interacting appropriately with the public, supervisors and co-workers; and moderate limitations in responding appropriately to usual work situations and to changes in a routine work setting.  (Tr. 22).  Substantial evidence supports the ALJ's findings regarding Plaintiff's RFC.

Although Plaintiff described pain from a 1998 neck surgery, there does not appear to be any treatment for this until January 24, 2006 when Plaintiff was examined at the Charitable Christian Clinic.  (Tr. 170).  Plaintiff complained of back pain and was diagnosed with a lumbar strain. (Tr.177).  Plaintiff returned to the Clinic on April 25, 2006 with continued complaints of back pain. (Tr. 171).  On April 28, 2006, Plaintiff had a CT Scan and X-rays of her back.  (Tr. 164-165). Plaintiff's x-rays showed minimal scoliosis and no other findings.  (Tr. 164).  Plaintiff's CT Scan showed no significant acute findings.  (Tr. 165).  Plaintiff had a normal exam when seen at the Clinic on September 25, 2007.  (Tr. 213).

Plaintiff has the burden of establishing her claimed RFC.  *See Goff v. Barnhart,* 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v. Barnhart,* 390 F.3d 584, 590 (8th Cir. 2004)). Because Plaintiff has not met her burden in this case and because the ALJ's RFC determination is supported by sufficient medical evidence, this Court finds the ALJ's RFC determination should be affirmed.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed.  A judgment incorporating

these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

     **ENTERED this 3rd day of  September, 2009.**

/s/   Barry A. Bryant     

HON. BARRY A. BRYANT

U.S. MAGISTRATE JUDGE

10